**Abdullah Mohammed Nasser AL–FAKIH, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

Nos. 12–71397
12–73046

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2016
San Francisco, California

FILED August 10, 2016

Jessica Smith Bobadilla, Esquire, Attorney, Law Office of Jessica S. Bobadilla, San Francisco, CA, for Petitioner.

Edward C. Durant, Attorney, OIL, Lindsay M. Murphy, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

## MEMORANDUM *

Abdullah Mohammed Nasser Al–Fakih petitions this Court for review of two decisions of the Board of Immigration Appeals (the "Board"). In 2002, Al–Fakih applied for asylum, withholding of removal, and relief under the Convention Against Torture. An immigration judge ("IJ") denied his application, and the Board affirmed in a per curiam decision. Al–Fakih did not petition for review of that decision.

In 2011, Al–Fakih moved to reopen those proceedings, claiming that circumstances in Yemen had changed such that he was entitled to relief. The Board denied the motion and Al–Fakih petitioned our Court for review. While that petition was pending, Al–Fakih filed a second motion with the Board to reconsider its denial of the motion to reopen. The Board denied the motion to reconsider and Al–Fakih again petitioned for review. We have jurisdiction over the consolidated petitions un-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

der 8 U.S.C. § 1252(a), and we deny the petitions.

Our review is for abuse of discretion and is limited to those grounds explicitly relied upon by the Board. *Najmabadi v. Holder*, 597 F.3d 983, 986–87 (9th Cir. 2010); *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008).

### 1. Motion to Reopen

■ Although a petitioner typically must file a motion to reopen within 90 days of the final decision to be reopened, the time limit may not apply where the motion is "based on changed circumstances." 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). To prove changed circumstances, a petitioner must submit evidence that "is material and was not available and could not have been discovered or presented at the previous hearing...." 8 C.F.R. § 1003.2(c)(3)(ii). The Board determined that Al–Fakih could not prove changed circumstances because his evidence (1) was not sufficiently individualized and therefore not material, and (2) did not demonstrate a change in his ability to relocate elsewhere in the country.

Generalized evidence of ongoing political turmoil cannot, by itself, entitle a petitioner to relief. *Najmabadi*, 597 F.3d at 989. Al–Fakih failed to provide any evidence tying Yemen's increasingly violent civil struggles to his own expectation of future persecution, either by a rival family or the government. The Board did not abuse its discretion in denying the motion to reopen on this ground. *See id.*

With respect to internal relocation, the Board concluded that Al–Fakih failed to show changed circumstances because Al–Fakih's sons sent him a letter indicating that they had relocated to a new city in Yemen. It is the petitioner's burden to provide evidence of changed circumstances. *See* 8 C.F.R. § 1003.2(c)(1). There is no indication in the record that Al–

Fakih's sons have been threatened since their relocation, nor is there any indication that Al–Fakih could not also relocate safely. The Board did not abuse its discretion.

Al–Fakih argues that the Board erred in its relocation analysis by failing to discuss explicitly each of the factors described in 8 C.F.R. § 1208.13(b)(3). But the regulation cautions that the "factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate." *Id.* Thus, the Board has broad discretion when deciding whether relocation is possible; it need not discuss each factor individually. *See Najmabadi*, 597 F.3d at 990.

### 2. Motion to Reconsider

In his motion to reconsider, Al–Fakih primarily challenged the IJ's findings of fact and conclusions of law at the 2003 hearing. Any challenge to *that* decision, however, should have been made on petition for review of the Board's 2004 decision, which reviewed that IJ decision. But Al–Fakih did not petition for review of the Board's 2004 decision. Any motion to reconsider the 2004 decision is now time barred. 8 C.F.R. § 1003.2(b)(1). The Board did not abuse its discretion when it denied the motion to reconsider on this ground.

Al–Fakih also submitted new evidence in support of his motion to reconsider. Thus, the Board alternatively construed the motion as a motion to reopen. *Compare* 8 C.F.R. § 1003.2(b)(1) *with id.* § 1003.2(c)(1). The Board found that the new evidence suffered from the same deficiencies as did the evidence Al–Fakih submitted in support of his first motion to reopen: It merely addressed the existence of generalized civil strife in Yemen, without showing how those circumstances affected Al–Fakih's eligibility for relief.

Thus, the Board acted within its discretion to deny the motion as time barred for the same reasons that it denied Al–Fakih's first motion to reopen. 8 C.F.R. § 1003.2(c)(2).

### 3. Humanitarian Asylum

"Under the humanitarian exception, a victim of past persecution may be granted asylum even without a fear of related future persecution, if the applicant establishes ... compelling reasons for being unwilling or unable to return because of the severity of the past persecution...." *Mohammed v. Gonzales*, 400 F.3d 785, 801 (9th Cir. 2005) (citing 8 C.F.R. § 1208.13(b)(1)(iii)(A)). To be eligible for humanitarian asylum, the petitioner must show that he or she suffered past persecution on a protected ground. *See id.*

■ The Board construed Al–Fakih's argument for a grant of humanitarian asylum as a request for *sua sponte* reopening and denied the request. The Board "may at any time reopen ... any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). This court, however, does not have jurisdiction to review the Board's denial of a motion to reopen *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002).[1]

Al–Fakih argues that the Board misconstrued his motion, explaining that the motion never invoked the Board's authority to reopen a proceeding *sua sponte*. Even if the Board improperly construed Al–Fakih's request, however, the Board broadly rejected Al–Fakih's changed circumstances argument elsewhere in its decision. The Board stated that "[a]lthough the respondent also references ongoing political turmoil, civil strife, and terrorism in Yemen,

he has not meaningfully explained how any of these ongoing issues are material to his eligibility *for the requested forms of relief.*" That is, Al–Fakih's evidence was not sufficient to demonstrate changed circumstances as to *any* form of relief, including humanitarian asylum. His claim was therefore time barred. As explained above, this conclusion was not an abuse of discretion.

For the foregoing reasons, Al–Fakih's petition for review is

**DENIED.**

---

1. Because we lack jurisdiction to review the Board's refusal to reopen *sua sponte,* we cannot consider Al–Fakih's contention that the Board committed legal error in concluding that Al–Fakih did not suffer past persecution.